IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 05-cv-02338-PSF-PAC

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

    Plaintiff,

v.

VISTA MANAGEMENT ASSOCIATES, INC.,

    Defendant.

## ORDER AND CONSENT DECREE

THIS MATTER is before the Court on the parties' Joint Motion for Entry of Proposed Consent Decree (Dkt. # 2).

**I.     BACKGROUND**

1. This matter was instituted by Plaintiff, EEOC, an agency of the United States, alleging that Defendant Vista Management Associates, Inc. ("Vista"), a Colorado corporation, paid Charging Party Victoria Khatchatourian ("Khatchatourian") and a class of similarly situated female Property Managers at a wage rate which was less than the rate paid to its male Property Managers for performing substantially equal work, and that Defendant retaliated against Khatchatourian when, at a minimum, Defendant provided negative job references on Khatchatourian's behalf and misrepresented the conditions under which she separated from employment, also in violation of the Equal Pay Act ("EPA") provisions of the Fair Labor Standards Act.

2. Vista denies any wrongdoing and denies the allegations by the EEOC. As a

result, this Consent Decree ("Decree"), being voluntarily entered into by the Parties, shall not constitute an admission or an adjudication of the merits of the case.

3. The Parties, desiring to settle this action by an appropriate Decree, agree to the jurisdiction of this Court over the Parties and the subject matter of this action, and agree to the power of this Court to enter a Consent Decree enforceable against Defendant Vista.

4. This Decree is final and binding upon the Parties as to the issues resolved, as well as upon their successors and assigns.

5. The EEOC and Vista agree that this Consent Decree fairly resolves the issues alleged by EEOC in this lawsuit, and constitutes a complete resolution of all the EEOC's claims against Vista of unlawful employment practices under EPA that were made or could have been made against Defendant Vista in this action.

## II.    JURISDICTION

6. The Court has jurisdiction over the parties and the subject matter of this lawsuit. The EEOC's Complaint asserts claims that, if proven, would authorize the Court to grant the monetary and equitable relief set forth in this Decree against Defendant. This Decree conforms with the Federal Rules of Civil Procedure and the EPA and is not in derogation of the rights and privileges of any person. The Court shall retain jurisdiction of this action for the duration of the Decree for the purposes of entering all orders, judgments and decrees which may be necessary to implement the relief provided herein.

## III.    DEFINITIONS

7. Complaint of Discrimination or Retaliation - A complaint of discrimination or

retaliation, shall be any complaint, which comes to the attention of a supervisor or manager and makes allegations which are appreciated by any supervisor or manager as an allegation of discrimination or retaliation. For example, an employee who complains to a supervisor about being paid less based on her sex, has made a complaint which is appreciated to be an allegation of discrimination, regardless of whether the employee complains in writing or expressly uses the terms "discrimination."

8. EEO - The term "EEO" shall refer to the phrase "equal employment opportunity."

9. Effective Date -The Effective Date of this Decree is the date on which the Court gives final approval to the Decree.

10. Parties - The Parties to this Decree are Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC") and Defendant Vista Management Associates, Inc. ("Vista").

**IV.   GENERAL PROVISIONS**

11. Scope: This Consent Decree covers all Vista facilities and employees in Colorado.

12. Term of Consent Decree: This Consent Decree shall remain in effect for three years subsequent to the effective date. In the event the terms and obligations outlined in this Consent Decree are not completed within the three years, the parties shall meet and confer concerning all matters that are alleged to constitute noncompliance. The Commission reserves the right to file an enforcement action under Section IX ("Enforcement of Consent Decree") of this decree to extend the Decree for whatever period is necessary to allow Vista to comply fully with the terms of this

Consent Decree.

13. Compliance with Federal EEO Laws: Nothing in this Consent Decree shall be construed to limit or reduce Vista's obligation to comply with applicable statutes enforced by the Commission: Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, et. seq., Title I of the Americans with Disabilities Act, 42 U.S.C. §12101, et. seq., Age Discrimination in Employment Act, 29 U.S.C. §621, Equal Pay Act, 29 U.S.C. §206(d).

14. Effect of Consent Decree: Vista's compliance with this Consent Decree will fully and completely resolve all issues of law and fact which could be raised by the Commission in litigation arising out of the above-referenced charge, as to acts and practices up to the effective date of this Consent Decree including any and all issues involving Khatchatourian and any of the similarly situated female property managers mentioned above in section I, paragraph 1.

15. Complete Consent Decree: This Consent Decree constitutes the complete understanding among the Parties with respect to the matters herein.

16. Severability: If one or more provisions of this Consent Decree are rendered unlawful or unenforceable by act of Congress or by decision of the United States Supreme Court, the parties shall attempt to agree upon what amendments to this Consent Decree, if any, are appropriate to effectuate the purposes of this Consent Decree. In any event, the unaffected provisions will remain enforceable.

**V.     NON-DEROGATION OF EEOC RIGHTS**

17. Waiver of Commission Claims: Nothing in this Consent Decree shall be construed to preclude the Commission from bringing suit to enforce this Consent

Decree in accordance with the enforcement provisions of Section IX ("Enforcement of Consent Decree") below. Neither does this Consent Decree preclude the Commission from filing lawsuits based on charges not resolved in this Consent Decree.

18. EEOC Rights Reserved: The Commission reserves all rights to proceed with respect to matters not covered in this Consent Decree and to secure relief on behalf of aggrieved persons not covered by this Consent Decree. Under no circumstances shall the EEOC, by commenting or electing not to comment upon proposed policies or procedures pursuant to Section VI ("Affirmative Relief"), be deemed to have waived its right to investigate or litigate any alleged adverse effects of said policy upon equal employment opportunities. Nor shall the EEOC, by commenting or electing not to comment upon said policies or procedures, be considered to have accepted the validity of, or approved, the provisions adopted by Vista.

19. Charges Filed After the Effective Date: Any individual charges of discrimination filed with the EEOC or the Colorado Civil Rights Division, after the effective date of this Consent Decree, based on conduct alleged to have occurred prior to the effective date of this Consent Decree, will be processed by the Commission in accordance with its standard procedures, subject to the limitations set forth in Paragraph 5 of this Decree.

## VI.    AFFIRMATIVE RELIEF

### Notice and Posting of Decree Notice

20. Posting: Within thirty (30) days of the Effective Date of this Decree, Vista shall conspicuously post the Notice attached hereto, in locations where all other employee-related notices are posted.

21. Orientation on Consent Decree: Prior to posting the Notice required in the preceding Paragraph 20, Vista shall conduct orientation meetings advising all employees with authority over Vista employees, of the terms and conditions of the Decree, with emphasis on the antiretaliation provisions of the Decree.

22. Injunction

    a. No Discrimination - Vista shall not discriminate against any employee or applicant in hiring, promotions, pay, assignment of duties, performance evaluation, discipline, or terms because of sex.

    b. No Retaliation - Vista shall not retaliate against any employee for his or her participation in the EEOC process, the investigation by the EEOC into this matter, participation in this lawsuit, or for asserting any rights under this Decree.

23. EEO Training & EEO Policies

    a. EEO Policies - Within thirty (30) days of the Effective Date of this Decree, Vista Management Associates shall submit to the EEOC proposed policies on discrimination, retaliation, and complaint procedures. Within sixty (60) days of the Court approving this Decree, Vista will 1) post these policies in a conspicuous place in each of its facilities, where notices to employees and applicants for employment are customarily kept, and 2) give each employee his or her own copy of these policies. In addition, Vista will give each newly-hired employee his or her own copy of these policies within ten (10) days of the start of his or her employment.

b. Development of EEO Training Program - Within sixty (60) days of the Effective Date of this Decree, Vista shall submit to the EEOC a proposed EEO training program for new employees, non-supervisory employees, supervisory employees, and human resource employees. Each training program will include the following information: (a) a detailed agenda; (b) curriculum vitae(s) for the individual(s) who will conduct the training; (c) a plan to ensure that all employees receive the required training.

c. Amount of Training Required - 1) Non-Supervisory Employees - Vista will provide non-supervisory employees at least two (2) hours of EEO training within thirty (30) days of hire, and on an annual basis thereafter. This training may be by videotape presentation.  2) Management/ Supervisory Employees - Vista will provide supervisory and management employees at least four (4) hours of EEO training within thirty (30) days of hire or promotion into a supervisory position, and on an annual basis thereafter. This training must be conducted live, but may be presented by qualified Vista human resource employees.

d. Required Subjects of Training - At a minimum, the EEO training programs shall include the following:

> • instruction on the requirements of all applicable equal employment opportunity laws including, but not limited to Title VII of the Civil Rights Act of 1964, as amended, the Age Discrimination in Employment Act, the Americans with Disabilities Act, the Equal Pay Act, and the Pregnancy Discrimination Act;

- a review of Vista's non-discrimination employment policies and of the specific requirements of this Consent Decree, with particular emphasis on the complaint procedure and prohibitions on retaliation;
- training for supervisory, management, and human resource employees shall include instruction on the proper procedures for responding to complaints of discrimination or retaliation.

24. EEOC Input: At least forty-five (45) days prior to implementation of any new or revised policy or procedure pursuant to this Decree, the proposed policy or procedure shall be submitted to the EEOC. Within thirty (30) days of receiving the proposal, the EEOC may comment upon the proposed policy.

25. EEOC Input Not a Waiver: Under no circumstances shall the EEOC, by commenting or electing not to comment upon Vista's proposed changes or amendments, be deemed to have waived its right to investigate or litigate any alleged adverse effects of said policy upon equal employment opportunities.

26. Letter of Reference: Within five (5) days of the entry of this Decree, Vista will provide Khatchatourian a letter of reference, on company letterhead, that states her dates of employment with the company and the position she held. It will also state Vista Management Associate's policy that all inquiries should be directed solely to Cindy Combs and that, if contacted for references, it will only provide dates of employment and position.

A copy of said letter will be mailed to the EEOC.

**VII. MONETARY RELIEF**

27. Payment to Khatchatourian

    a. Defendant Vista agrees to pay Khatchatourian a total of $41,800.00 in the following amounts: $6,591.00 as payment for back pay, less only any applicable deductions for the employee's portion of FICA and applicable federal and state income tax withholdings; and $35,209.00 for liquidated damages. If, at any time, Vista fails to timely make any monetary payment under this Decree, judgment for the full amount remaining due and owed will enter in favor of Khatchatourian.

    b. The first payment, in the amount of $29,800.00, will be paid and mailed to Khatchatourian no later than December 9, 2005. The remaining $12,000.00 will be paid and mailed in $1,000.00 installments by the twenty-fifth (25th) day of each calendar month of calendar year 2006 (e.g., January 25, February 25, March 25, etc.)

    c. Each payment pursuant to this Paragraph 27 shall be paid in certified funds and delivered to Khatchatourian, with copies of each payment mailed to EEOC.

    d. Any monthly payment not received by the first day of the calendar month following will be deemed untimely under this Decree; an extension may be granted by mutual agreement of the Parties.

28. Taxes

    a. Vista shall prepare and distribute tax reporting forms to Khatchatourian under this Decree.

    b. Vista shall make appropriate reports to the Internal Revenue Service

and other tax authorities.

c. Vista shall be responsible for the employer's share of any taxes applicable to payments under this Decree. Khatchatourian shall be responsible for payment of the employee's share of taxes owed to any governmental authority as a result of payments under this Decree.

29. Administrative Costs: Vista shall pay all administrative and/or other costs associated with the payment of monetary relief under this Decree, including but not limited to postage, supplies, and clerical services.

**VIII.  REPORTING AND RECORD KEEPING**

30. Document Preservation

a. For the duration of the Decree, Vista agrees to maintain such records as are necessary to demonstrate their compliance with this Decree and verify that the reports submitted are accurate, including but not limited to the documents specifically identified below.

b. For the two years following the Termination of the Decree, Vista shall retain the following hard-copy (paper or fiche) and computer records: 1) all computerized payroll data; 2) all complaints of discrimination based upon sex, and all records of the investigation of those complaints; 3) all complaints of retaliation prohibited by statutes enforced by the EEOC, all records of the investigation of those complaints; and 4) all records relating to performance of employees.

31. Reports

a. Initial Report - Within one-hundred twenty (120) days of the Effective

Date of this Decree, Vista shall provide the EEOC with the following:

- a status report on the project to review and revise existing policies as necessary to ensure equal employment opportunities, as required in Paragraph 23 ("EEO Policies") above;
- verification that all of supervisors, managers, and human resource employees with authority over people employed by Vista, have attended training on the terms and provisions of this Decree, as required in Paragraph 21 ("Orientation on Consent Decree");
- proposed EEO training programs, as required in Paragraph 23 ("EEO Training"), above.

b. Periodic Reports

1) During the term of this Decree, Vista shall submit six semi-annual reports to the EEOC.

2) The first reporting period will begin on the Effective Date of this Decree, and will end on the last day of the sixth complete calendar month thereafter. The first report shall be due at the end of such reporting period, and the remaining five reports shall be due at the end of each successive reporting period.

c. Each report shall contain the following information for the relevant reporting period:

- Copies of all complaints, formal or informal, of sex and/or pay discrimination and/or retaliation, and copies of the investigative files relating to each complaint;

> • Verification of employee attendance for all EEO training conducted during the reporting period, and verification of distribution of revised policies.

## IX.     ENFORCEMENT OF CONSENT DECREE

32. Enforcement by EEOC: It is expressly agreed that if EEOC concludes that Vista has breached this Consent Decree, EEOC may initiate a lawsuit in this Court, after complying with the informal resolution procedures set forth in Paragraph 33, below.

33. Requirement of Informal Resolution Efforts

> a. Notice of Dispute - Prior to initiating an action to enforce the Decree, the party bringing the action will provide written notice to Vista and EEOC. This notice shall specify the particular provision(s) believed to have been breached and a statement of the issues in dispute. The notice may also include a reasonable request for documents or information relevant to the dispute.
>
> b. Response to Notice of Dispute - Within fourteen (14) days after service of the Notice of Dispute, Vista will provide a written response and provide the requested documents or information.
>
> c. Service - Service of the Notice of Dispute and any Responses shall be made by hand-delivery, facsimile transmission, or electronic mail.
>
> d. Meeting - After service of the Responses, the parties will schedule a telephone or in-person meeting to attempt to resolve the dispute.
>
> e. Dispute Resolution Period - If the dispute has not been resolved within

thirty (30) days after service of the Notice of Dispute, an action to enforce the Decree may be brought in this Court.

34. Expedited proceedings: The provisions of this section do not prevent the EEOC from bringing an issue before the Court when the facts and circumstances warrant immediate Court action. The EEOC's moving papers shall explain the facts and circumstances that necessitate immediate Court action. If the EEOC brings a matter before the Court requiring immediate Court action, copies of the moving papers will be provided to Vista.

## X. MISCELLANEOUS PROVISIONS

35. Amendment: By mutual written consent of the parties, this Consent Decree may be amended in the interest of justice and fairness in order to execute the provisions involved.

36. Implementation: The Commission and Vista agree to take all steps that may be necessary to fully effectuate the terms of this Consent Decree.

37. Side Agreement: As part of the negotiation of this Decree, Vista and Khatchatourian have agreed to enter into a separate Settlement Agreement, a copy of which is incorporated herein by reference. The execution of the Settlement Agreement is an express condition of Vista's entry into this Decree.

## XI. NOTICE

38. Notice to EEOC: Any notice, report, copy of payment, or communication required under the provisions of this Decree shall be sent by certified mail, postage prepaid, to the appropriate EEOC employee as follows:

Regional Attorney

Denver District Office

Equal Employment Opportunity Commission

303 E. 17th Avenue, Suite 510

Denver, CO 80203

## X.     COUNTERPARTS

39. This Decree may signed and transmitted via facsimile, and may be executed in counterparts, each of which will be deemed an original, but all of which together will constitute one and the same instrument representing the agreement of the Parties to this Decree.

## XI.    CONCLUSION

The Joint Motion for Entry of Proposed Consent Decree (Dkt. # 2) is GRANTED. The proposed consent decree is hereby ENTERED.  The case is DISMISSED WITH PREJUDICE.

DATED: December 23, 2005

BY THE COURT:

*s/ Phillip S. Figa*
_____
Phillip S. Figa
United States District Judge